Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

| | |
|---|---|
| GREGORY W. KUGLE | 6502-0 |
| gwk@hawaiilawyer.com | |
| CASEY T. MIYASHIRO | 11145-0 |
| ctm@hawaiilawyer.com | |
| LOGAN T. ARAKI | 11792-0 |
| lta@hawaiilawyer.com | |

1003 Bishop Street, Suite 1600
Honolulu, HI 96813
www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242

Attorneys for Plaintiffs
   FRANK W. K. SYLVA AND SHAREN G. L. SYLVA, Trustees

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANK W. K. SYLVA AND SHAREN G. L. SYLVA, as Trustees of the Frank Wilbur Kuamu Sylva and Sharen Gwen Leiolani Sylva Trust, dated November 7, 2014, as amended,<br><br>            Plaintiffs,<br><br>vs.<br><br>VIKING HOLDINGS, INCORPORATED, a Nevada corporation,<br><br>            Defendant.<br>_____ | CIVIL NO.<br>(Contract)<br><br>**COMPLAINT; SUMMONS** |

## COMPLAINT

Plaintiffs FRANK W. K. SYLVA AND SHAREN G. L. SYLVA, as Trustees of the Frank Wilbur Kuamu Sylva and Sharen Gwen Leiolani Sylva Trust, dated November 7, 2014, as amended (collectively, "**Plaintiffs**"), by and through their attorneys, Damon Key Leong Kupchak and Hastert, and for their complaint ("**Complaint**") against Defendant VIKING HOLDINGS, INCORPORATED ("**Viking**") allege and aver as follows:

## PARTIES

1. Plaintiff FRANK W. K. SYLVA (aka Frank Wilbur Kuamu Sylva) is one of two current trustees of the "Frank Wilbur Kuamu and Sharen Gwen Leiolani Sylva Trust, dated November 7, 2014," as amended (the "**Trust**"), pursuant to the Trust Agreement dated November 7, 2014. He is currently and was at all relevant times a resident of the District of Hawaii.

2. Plaintiff SHAREN G. L. SYLVA (aka Sharen Gwen Leiolani Sylva) is one of two current trustees of the Trust pursuant to the Trust Agreement dated November 7, 2014. She is currently and was at all relevant times a resident of the District of Hawaii.

3. Defendant VIKING HOLDINGS, INCORPORATED is a Nevada corporation registered to conduct business in Hawaii, with its principal place of business in Nevada.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the parties are citizens of different States and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District, and the property that is the subject of this action is located in this District.

## FACTUAL ALLEGATIONS

### *The Ground Lease*

6. On or around November 1, 1977, Frank H. Sylva, as ground lessor, entered into a "**Ground Lease**" with Insurance Concepts, Inc. ("**Insurance Concepts**"), as ground lessee, for the lease of property located at what is now known as 1010 Front Street, Lahaina, Hawaii 96761 ("**Property**").

7. Pursuant to the Ground Lease, Insurance Concepts agreed to lease the Property for a term of seventy-two (72) years, until the year 2049.

8. Insurance Concepts developed a condominium project on the Property, commonly known as "Channel House."

9. The development of the "Channel House" condominium project does <u>not</u> affect any of Viking's duties or obligations under the Ground Lease.

10. Section 9 of the Ground Lease explicitly states that the existence of apartments "shall in no event be construed as nor deemed to be a release of all or any part of Lessee's obligations hereunder," which includes the obligation to pay rent.

11. Upon information and belief, Insurance Concepts transferred its interest and obligations under the Ground Lease multiple times over the years, and Defendant Viking is the current successor-in-interest.

12. Likewise, Frank H. Sylva transferred his interest under the Ground Lease to his son and daughter-in-law, *i.e.* Plaintiffs, who are the current successors-in-interest.

### *Failure to Pay Rent*

13. Viking owes Plaintiffs rent monthly under the Ground Lease, without need for notice or demand.

14. The interplay with the "Channel House" condominium project is such that the apartment owners pay monthly rent to Viking, which, in turn, helps Viking pay the rent it owes to Plaintiffs under the Ground Lease. But if the apartment owners refuse or otherwise fail to pay rent, Viking is obligated to cover

the difference to ensure Plaintiffs receive the full amount of rent it is owed as required by the Ground Lease.

15. Section 7 of the Ground Lease provides that payment of rent and all other obligations under the Ground Lease shall be excused only "[i]n the event that the premises are seized, commandeered or confiscated or the Lessee is otherwise deprived of possession thereof by an enemy power due to a condition of war, invasion or enemy occupation."

16. None of the events or scenarios described in Section 7 of the Ground Lease occurred which would have excused Viking from paying rent.

17. On or around October 31, 2024, Plaintiffs' counsel sent letter to Viking, providing them notice of and a demand for unpaid rent ("**Letter**") which, at the time, totaled the principal amount of ONE HUNDRED SEVENTY-SIX THOUSAND SEVEN HUNDRED THIRTY-SEVEN AND 71/100 DOLLARS ($176,737.71).

18. As of the filing of this Complaint, Viking has not responded to or otherwise acknowledged the contents of the Letter.

19. Despite proper notice given and demand made, Viking has refused or otherwise failed to remit unpaid rent to Plaintiffs.

20. Plaintiffs bring this action to recover unpaid rent, without termination of the Ground Lease.

*<u>Lahaina Fire and Viking's Failure to Insure</u>*

21. On or about August 8, 2023, a devastating wildfire tore through Lahaina. The fire consumed countless properties, including the total loss of the buildings comprising the "Channel House" condominium project.

22. Although the buildings of "Channel House" are gone, the condominium project itself and the apartment owners' interests continue to exist.

23. The loss of the "Channel House" buildings triggered various duties and obligations of Viking, including the duty to indemnify and hold Plaintiffs harmless from all claims by third persons, including the "Channel House" apartment owners, for property damage, personal injury, or wrongful death, as set forth in Sections 8(p) and 8(s) of the Ground Lease.

24. Additionally, Section 8(t) of the Ground Lease requires Viking to, with all convenient speed, rebuild the buildings in a good and substantial manner according to the plan and elevation of the buildings so destroyed, or according to a modified but similar plan approved by Plaintiffs in writing.

25. Section 8(t) of the Ground Lease also provides that if there are insufficient or no insurance proceeds available for the rebuild, Viking must make up for the deficiency from its own funds.

26. Viking has refused or otherwise failed to perform its duties and obligations under the Ground Lease, and to engage in meaningful conversations with Plaintiffs regarding its duties and obligations under the Ground Lease.

27. In the October 31, 2024 Letter, Plaintiffs' counsel also reminded Viking of its duties and obligations under the Ground Lease.

28. As of the filing of this Complaint, neither Viking nor its counsel have responded to or otherwise acknowledged the contents of the Letter, indicating that Viking intends to renege or otherwise refuse to perform its duties and obligations under the Ground Lease.

29. Restoration of the building and compensation for destroyed property is a priority for parties affiliated with the Property. A judicial declaration setting forth Viking's duties and obligations will minimize uncertainty, promote uniformity for resolution of claims, and, most importantly, expedite processing of claims for everyone impacted by the fire.

## COUNT I
## DECLARATORY AND INJUNCTIVE RELIEF

30. Plaintiffs repeat and incorporate by reference the allegations in each of the paragraphs above as if the same were fully set forth herein.

31. An actual controversy exits between Plaintiffs, on the one hand, and Viking, on the other, as Plaintiffs contend that Viking owes duties and obligations under the Ground Lease with respect to the Property and the resulting

7

damage from the Lahaina wildfire that occurred on or around August 8, 2023, and Viking has refused to acknowledge and recognize its duties and obligations.

32. Plaintiffs seek a determination that:

   a. Viking is responsible for rebuilding the "Channel House" condominium project buildings as required by the Ground Lease; and

   b. Viking is liable to Plaintiffs for all costs associated with rebuilding the "Channel House"

33. Plaintiffs seek an order for an affirmative injunction, requiring Viking to abide by the terms of the Ground Lease, including, *inter alia*, compensating the Trust for all unpaid rent; paying all costs associated with the loss or damage of personal property; rebuilding, repairing, or otherwise reinstating the Property, or in the alternative, compensate the Trust for the cost of rebuilding, repairing, or otherwise reinstating the Property.

## COUNT II
## BREACH OF CONTRACT

34. Plaintiffs repeat and incorporate by reference the allegations in each of the paragraphs above as if the same were fully set forth herein.

35. The Ground Lease is a valid, binding, and enforceable contract between Plaintiffs and Viking.

36. Viking breached the terms of the Ground Lease by, *inter alia*, failing to tender payment of rent to Plaintiffs pursuant to the express terms of the Ground Lease.

37. As a direct and proximate result of Viking's breach of the Ground Lease, Plaintiffs have suffered damages in an amount to be proven at trial, together with interest, costs, and attorneys' fees.

## COUNT III
## UNJUST ENRICHMENT

38. Plaintiffs repeat and incorporate by reference the allegations in each of the paragraphs above as if the same were fully set forth herein.

39. Viking has and may continue to receive rent from the apartment owners despite a growing balance of unpaid rent due and owing to Plaintiffs.

40. Unless and until Viking pays down the rental balance due and owing to Plaintiffs, Viking will remain unjustly enriched.

41. Plaintiffs are entitled to recover the amounts paid to Viking in an amount to be proven at trial, together with interest, costs, and attorneys' fees.

WHEREFORE, PLAINTIFFS pray for judgment against Viking as follows:

A. For a monetary judgment in favor of Plaintiffs and against Viking for damages in an amount to be established at trial, but in an amount no less than $75,000.00;

  B. For declaratory and injunctive relief;

  C. For interest at the statutory rate;

  D. For appointment of a trustee or receiver to collect and retain future rental payments from the apartment owners;

  E. For reasonable attorneys' fees and costs; and

  F. For such other and further relief as this Court may deem just and proper.

  DATED: Honolulu, Hawaii, May 30, 2025.

       DAMON KEY LEONG KUPCHAK HASTERT

       */s/ Casey T. Miyashiro*
       GREGORY W. KUGLE
       CASEY T. MIYASHIRO
       LOGAN T. ARAKI
       Attorneys for Plaintiffs
        FRANK W. K. SYLVA AND SHAREN G. L.
        SYLVA, Trustees

889452_3