IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| FRANK W.K. SYLVA AND SHAREN G.L. SYLVA, *as Trustees of the Frank Wilbur Kuamu Sylva and Sharen Gwen Leiolani Sylva Trust*, <br><br>  Plaintiffs, <br><br> vs. <br><br> VIKING HOLDINGS, INCORPORATED, *a Nevada corporation*, <br><br>  Defendant. | Civil No. 25-00227 MWJS-RT <br><br><br> ORDER TO SUPPLEMENT JURISDICTIONAL ALLEGATIONS |

## **ORDER TO SUPPLEMENT JURISDICTIONAL ALLEGATIONS**

Plaintiffs Frank W.K. Sylva and Sharen G.L. Sylva initiated this action on May 30, 2025, asserting diversity jurisdiction as the basis for subject matter jurisdiction. ECF No. 1, at PageID.3. Because the complaint does not appear to allege a sufficient basis for diversity jurisdiction, the court ORDERS Plaintiffs to SUPPLEMENT their jurisdictional allegations.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper.

*See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If the court lacks subject matter jurisdiction, an action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

Federal district courts have original jurisdiction over civil cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship, meaning each plaintiff must be a citizen of a different state than each defendant. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007).

Plaintiffs' complaint does not appear to contain enough detail for the court to determine whether it has jurisdiction over this matter. The complaint alleges that Defendant Viking Holdings, Inc. is a Nevada corporation with its principal place of business in Nevada. ECF No. 1, at PageID.2; *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."). But while the complaint alleges generally that "the parties are citizens of different States," the complaint nonetheless only identifies each Plaintiff's *residency* in Hawaiʻi, *see* ECF No. 1, at PageID.2, not their *citizenship*. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a

2

citizen of the United States. . . . The natural person's state citizenship is then determined by her state of domicile, not her state of residence." (citation omitted)).

To ensure that there is complete diversity, the court ORDERS Plaintiffs to supplement their jurisdictional allegations. They must file a response to this Order by June 20, 2025, expressly identifying each Plaintiff's citizenship. Failure to timely or satisfactorily respond to this Order will result in a finding that Plaintiffs have failed to carry their burden of establishing subject matter jurisdiction and the court will dismiss the action without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 13, 2025.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 25-00227 MWJS-RT; *Frank W.K. Sylva,* et al. *v. Viking Holdings, Inc.*; ORDER TO SUPPLEMENT JURISDICTIONAL ALLEGATIONS

3